IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

EDWARD JACOB LUECKENBACH, II                                          PLAINTIFF

V.                                               CIVIL ACTION NO. 1:16-CV-189-SA-DAS

HORIZON MISSISSIPPI PUBLICATIONS, INC.                              DEFENDANTS

MEMORANDUM OPINION

Edward Lueckenbach originally filed this case in the Chancery Court of Oktibbeha County, Mississippi. Horizon Mississippi Publications, Inc. removed the case to this Court on October 19, 2016, invoking diversity jurisdiction. Horizon filed a Motion for Summary Judgment [8] requesting dismissal of the case with prejudice. Lueckenbach failed to respond, the allotted time for a response expired, making this motion is ripe for review. *See* L. U. Civ. R. 7.

*Factual and Procedural Background*

In his Amended Complaint [2] Lueckenbach demands injunctive relief, specifically that the Starkville Daily News remove a report from its website, and asserts a state law claim for defamation. Horizon Mississippi Publications, Inc. is the owner of the newspaper the Starkville Daily News. On October 10, 2010, the Starkville Daily News published, in its print newspaper and on its website, a report stating: "Sept. 29 · Edward Jacob Lueckenbach, of 11 Page Ave., Apt. 6, was charged with public profanity or drunkenness."

Horizon now requests summary judgment in its favor on all of the issues in this case. Horizon argues that the Plaintiff's claim is barred by the statute of limitations, that the statement is not defamatory because it is true, that the statement is protected by a qualified privilege, and that the statement is protected by the First Amendment. Mississippi substantive law applies in

this diversity case. *See Cox v. Wal-Mart Stores E., L.P.*, 755 F.3d 231, 233 (5th Cir. 2014) (citing *Wood v. RIH Acquisitions MS II, LLC*, 556 F.3d 274, 275 (5th Cir. 2009)).

*Standard of Review*

Federal Rule of Civil Procedure 56 governs summary judgment. Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the non-movant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

Even though the Plaintiff did not respond to the instant summary judgment motion, Rule 56 makes it clear that there is "no summary judgment by default" and the lack of a response by the Plaintiff does not alter the Court's summary judgment inquiry. *See* FED. R. CIV. P. 56(e)

advisory committee notes to 2010 amendments. Summary judgment may only be granted if it is appropriate to do so. *See* FED R. CIV. P. 56(a) The Fifth Circuit has held that "although '[a] motion for summary judgment cannot be granted simply because there is no opposition' . . . a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Calais v. Theriot*, 589 F. App'x 310, 311 (5th Cir. 2015) (quoting *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)).

*Discussion and Analysis*

"Mississippi allows causes of action for defamation and related torts to be filed within one year of the first publication, and no later." *Fairley v. ESPN, Inc.*, 879 F. Supp. 2d 552, 554 (S.D. Miss. 2012) (citing MISS. CODE ANN. § 15–1–35 (providing that "all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action accrued and not after")). Mississippi follows the single publication rule, under which, "[a] cause of action accrues for purposes of the statute of limitations on the date of the first publication of the allegedly defamatory material." *Id*. (citing *Mize v. Harvey Shapiro Enters., Inc.*, 714 F. Supp. 220, 224 (N.D. Miss. 1989); *Wildmon v. Hustler Magazine, Inc.*, 508 F. Supp. 87, 88–89 (N.D. Miss. 1980)).

The Defendant in this case argues, and the Plaintiff does not dispute, that the allegedly defamatory statement was published on October 10, 2010, meaning that the statute of limitations ran years before this case was filed on September 19, 2016. In addition, the Plaintiff has not put any facts or arguments regarding tolling or any other reason why the statute of limitations has not expired. For these reasons, the Court finds that the Plaintiff's claim for defamation is time barred by the applicable statute of limitations.

Even if the statute of limitations had not run, the Plaintiff has not brought forth any evidence that the statement is false. In Mississippi, "[t]he threshold question in a defamation suit is whether the published statements are false." *Trout Point Lodge, Ltd. v. Handshoe*, 729 F.3d 481, 490 (5th Cir. 2013). "Truth is an absolute defense to a defamation lawsuit in Mississippi." *Bond Pharmacy, Inc. v. Anazao Health Corp.*, 815 F. Supp. 2d 966, 973 (S.D. Miss. 2011) (citing *Journal Publ'g Co. v. McCullough*, 743 So. 2d 352, 360 (Miss. 1999)). There is evidence in the record indicating that the charge against the Plaintiff was expunged. The fact that the charge was ultimately dropped and expunged has no bearing on the truth of the undisputed fact, as published, that the Plaintiff "was charged with public profanity or drunkenness".

Finding the statute of limitations and truthfulness of the statement issues dispositive in this case, the Court need not reach the merits of the other constitutional arguments brought forth by the Defendant.

In light of the undisputed facts of the case and the relevant authorities, the Court finds that the Plaintiff failed to make a showing sufficient to establish the existence of several essential elements of his case. *Celotex*, 477 U.S. at 322, 106 S. Ct. 2548. Summary judgment is therefore appropriate in the Defendant's favor on all of the Plaintiff's claims. The Defendant's Motion for Summary Judgment [8] is GRANTED, and this CASE is DISMISSED with prejudice.

So ORDERED on this the 3rd day of February, 2017.

                                                  /s/ Sharion Aycock
                                                  UNITED STATES DISTRICT COURT JUDGE